# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                               Case No. 22-CR-26

ROY HENTON, et al.,

    Defendant.

## RECOMMENDATION AND ORDER

Roy Henton moves to dismiss Counts 21 through 27 of the second superseding indictment. He argues that the indictment fails to allege a violation of 18 U.S.C. § 1347 because whereas the statute requires that a "health care benefit program" be defrauded, the indictment alleges that Henton defrauded only individuals. (ECF No. 278 at 1-2.)

Henton allegedly owned and operated A Touch of Love Supportive Care Agency. (ECF No. 213 at 23, ¶ 1. a.) It provided services to persons in the IRIS program, which is a program for disabled and elderly persons on Medicaid who need nursing home level care but are living in another type of residence. (ECF No. 213 at 25, ¶ 1. k.) Participants in the IRIS program receive a budget for their healthcare needs, including the supportive home care services that A Touch of Love provided. (ECF No. 213 at 25, ¶ 1.

k.) Henton argues that, although the funds were administered by an agent, they belonged to the individuals. Therefore, if there was any fraud, it was the individuals and not the healthcare benefit program that was defrauded.

Although the IRIS program affords participants some degree of discretion over which providers they seek services from, the second superseding indictment adequately alleges that the funds were those of the Medicaid program. The funds were never transferred to the participants. Instead, a provider like A Touch of Love submitted a claim to an agent, which processed the claim and, if the claim was approved, submitted it to the Wisconsin Medicaid program, which then paid the provider. (ECF No. 213 at 25-26, ¶¶ 1. k.—n.) There is no dispute that Wisconsin Medicaid is a "health care benefit program" under 18 U.S.C. § 1347, *see* 18 U.S.C. § 24(b). Because Counts 21 through 27 adequately allege that Henton defrauded a health care benefit program and the indictment is otherwise sufficient, *see United States v. Chanu*, 40 F.4th 528, 539 (7th Cir. 2022), the court will recommend that his motion to dismiss be denied.

**IT IS THEREFORE RECOMMENDED** that Roy Henton's "Motion to Dismiss Counts 21-27" (ECF No. 278) be **denied**.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Crim. P. 59(b)(2), any written objection to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation or

prior to the Final Pretrial Conference, whichever is earlier. Failure to timely object waives a party's right to review.

Dated at Milwaukee, Wisconsin this 25th day of April, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge