UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        Case No. 22-cr-26-pp

ROY HENTON,

        Defendant.

**ORDER ADOPTING MAGISTRATE JUDGE DUFFIN'S RECOMMENDATION (DKT. NO. 327) AND DENYING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 278)**

In a second superseding indictment, the grand jury charged the defendant with conspiracy to possess with intent to distribute various controlled substances (Count One), conspiracy to commit money laundering (Count Two), distribution of fentanyl and cocaine (Count Four), possession of fentanyl with intent to distribute (Count Thirteen), possession of a firearm in furtherance of a drug trafficking offense (Count Fourteen) and seven counts of executing a scheme to defraud a health care benefit program—Wisconsin Medicaid—and to obtain money and property from that program by false and fraudulent pretenses and representations (Counts Twenty-One through Twenty-Seven). Dkt. No. 1.

On February 12, 2024, the defendant filed a four-page motion to dismiss Counts Twenty-One through Twenty-Seven. Dkt. No. 278. The defendant asserted that although the statute he was alleged to have violated—18 U.S.C.

1

§1347—prohibits one from participating in a scheme to defraud a "health care benefit program," Counts Twenty-One through Twenty-Seven accused him of committing fraud against individuals. Id. at 3.

The government responded to the motion, dkt. no. 294, and on April 25, 2024, Magistrate Judge William E. Duffin issued a report recommending that this court deny the defendant's motion, dkt. no. 327. Judge Duffin's report was even more succinct than the defendant's motion:

> [The defendant] moves to dismiss Counts 21 through 27 of the second superseding indictment. He argues that the indictment fails to allege a violation of 18 U.S.C. § 1347 because whereas the statute requires that a "health care benefit program" be defrauded, the indictment alleges that [the defendant] defrauded only individuals. (ECF No. 278 at 1-2.)
>
> [The defendant] allegedly owned and operated A Touch of Love Supportive Care Agency. (ECF No. 213 at 23, ¶ 1.a.) It provided services to persons in the IRIS program, which is a program for disabled and elderly persons on Medicaid who need nursing home level care but are living in another type of residence. (ECF No. 213 at 25, ¶ 1.k.) Participants in the IRIS program receive a budget for their healthcare needs, including the supportive home care services that A Touch of Love provided. (ECF No. 213 at 25, ¶ 1.k.) [The defendant] argues that, although the funds were administered by an agent, they belonged to the individuals. Therefore, if there was any fraud, it was the individuals and not the healthcare benefit program that was defrauded.
>
> Although the IRIS program affords participants some degree of discretion over which providers they seek services from, the second superseding indictment adequately alleges that the funds were those of the Medicaid program. The funds were never transferred to the participants. Instead, a provider like A Touch of Love submitted a claim to an agent, which processed the claim and, if the claim was approved, submitted it to the Wisconsin Medicaid program, which then paid the provider. (ECF No. 213 at 25-26, ¶¶ 1.k.-n.) There is no dispute that Wisconsin Medicaid is a "health care benefit program" under 18 U.S.C. § 1347, see 18 U.S.C. § 24(b). Because Counts 21 through 27 adequately allege that [the defendant] defrauded a health care benefit program and the

2

> indictment is otherwise sufficient, *see United States v. Chanu*, 40 F.4th 528, 539 (7th Cir. 2022), the court will recommend that his motion to dismiss be denied.

Id. at 1-2.

Judge Duffin advised the parties that they had fourteen days from the date of his recommendation to object to it. Id. at 2-3. The recommendation was dated April 25, 2024. Id. at 3. The defendant has not objected. Federal Rule of Criminal Procedure 59(b) governs a district court's referral to magistrate judges of motions to dismiss in criminal cases. Parties have fourteen days to file "specific objections" to a magistrate judge's report and recommendation on a motion to dismiss. Fed. R. Crim. P. 59(b)(2). The district judge must review *de novo* the portions of the magistrate judge's recommendation to which a party timely objects. 28 U.S.C. §636(b)(1); Fed. R. Crim. P. 59(b)(2), (3). The court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1). If the defendant does not make a specific objection to the magistrate judge's proposed findings and recommendations, the defendant waives the right to review. Fed. R. Crim. P. 59(b)(2). That said, even absent an objection, a district judge "retains full authority to decide whether to . . . review the magistrate's report," and 28 U.S.C. §636 "does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." Thomas v. Arn, 474 U.S. 140, 154 (1985). See also, Mathews v. Weber, 423 U.S. 261, 271 (1976) (a district judge is free to "follow . . . or wholly

to ignore" a magistrate judge's recommendation, or if the district judge is not satisfied, "he may conduct the review in whole or in part anew").

Because the defendant did not timely object to Judge Duffin's recommendation, he has waived his right to review. Even if he had not, this court agrees with Judge Duffin's conclusion. Paragraph 4 on page 28 of the second superseding indictment alleges that the defendant submitted false and fraudulent bills that caused "Wisconsin Medicaid" to pay him money to which he was not entitled. Dkt. No. 213 at 28. "Wisconsin Medicaid" is a healthcare benefit program. The indictment sufficiently alleges that the defendant defrauded a healthcare benefit program.

The court **ADOPTS** Magistrate Judge Duffin's recommendation. Dkt. No. 327.

The court **DENIES** the defendant's motion to dismiss Counts Twenty-One through Twenty-Seven of the second superseding indictment. Dkt. No. 278.

Dated in Milwaukee, Wisconsin this 18th day of June, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**